UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISRAEL GONZALEZ,

                                 Plaintiff,

  -against-

CITY OF NEW YORK; TYRA FRAZIER; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-425

     Plaintiff Israel Gonzalez, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

### PRELIMARY STATEMENT

     1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

     2. The claim arises from an August 15, 2014 incident in which Defendants, acting under color of state law, stopped, detained and unlawfully imprisoned Mr. Gonzalez for allegedly possessing an illegal controlled substance. On the date in question, Mr. Gonzalez was not violating any law, ordinance or statute. He did not possess any weapon, contraband or engage in any illegal activity. Despite Mr. Gonzalez's innocence, the Defendants fabricated and falsified evidence to have him arrested and prosecuted. After spending approximately 28 hours unlawfully in police custody, Plaintiff's case was dismissed and sealed by the Judge in Arraignments.

     3. Mr. Gonzalez also seeks redress for the City's deliberate indifference to the NYPD's

policy, practice and/or custom of inadequate training, supervision, discipline and control of its officers who violate the constitutional rights of citizens and engage in police misconduct. Specifically, the NYPD fails to provide adequate training to officers who are required to frequently identify and verify the legitimacy of narcotics prescriptions.

4. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, a declaratory judgment, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

6. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), 2201, 2202 and the doctrine of pendant jurisdiction.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8. Plaintiff Israel Gonzalez ("Plaintiff" or "Mr. Gonzalez") resided at all times in Kings County, in the City and State of New York.

9. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

10. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation,

2

and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

11. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12. Defendant Tyra Frazier ("Frazier") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Frazier was, at the time relevant herein, a Police Officer under Shield # 12662 in the 83rd Precinct. Defendant Frazier is sued in his individual and official capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not

been settled or otherwise disposed of.

18. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

19. On August 15, 2014, at approximately 3:00 P.M., Mr. Gonzalez was driving his vehicle on Dekalb Avenue in Brooklyn, New York.

20. Mr. Gonzalez was on his way home after buying cigarettes at a store on Broadway.

21. Defendant Frazier and John Doe 1-2 pulled Mr. Gonzalez over on Dekalb Avenue between Wyckoff and St. Nicholas.

22. Defendant Frazier and unidentified Defendants were driving an unmarked car.

23. When Defendants put the lights and sirens on, Mr. Gonzalez pulled his vehicle to the side of the road.

24. Mr. Gonzalez had not violated any provisions of the Vehicle and Traffic law, local or state laws.

25. Mr. Gonzalez provided the Defendants with valid license, registration and insurance.

26. Defendant Frazier then ordered Mr. Gonzalez to step out of the vehicle.

27. Mr. Gonzalez complied with the Frazier's order.

28. Defendants Frazier and John Doe 1 then searched Mr. Gonzalez's vehicle.

29. Mr. Gonzalez did not give the Defendants permission to search his vehicle.

30. Inside the armrest of the vehicle Mr. Gonzalez was driving, the Defendants claim to have found two sealed original methadone bottles with labels bearing Mr. Gonzalez's name.

31. Mr. Gonzalez told the Defendants that he had a valid prescription for the methadone.

32. Mr. Gonzalez also showed the Defendants his Methadone Clinic card with his picture

on it.

33. Defendant Frazier and another unidentified Defendant, then, unlawfully handcuffed Mr. Gonzalez, and put him in their vehicle.

34. Mr. Gonzalez had not committed any crimes or engaged in any illegal activity.

35. Defendant Frazier and unidentified Defendants drove Mr. Gonzalez to the 83rd Precinct.

36. Mr. Gonzalez was then placed in an interrogation room where he was questioned by an unidentified Defendant regarding becoming an informant.

37. Mr. Gonzalez had no information to provide.

38. Mr. Gonzalez was transported to central bookings to be processed.

39. While Plaintiff was in central booking, Defendants, acting in concert and with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Criminal Possession of a Controlled Substance in the Seventh Degree.

40. Mr. Gonzalez spent approximately 28 hours unlawfully confined until he was arraigned on those charges.

41. At arraignments, Mr. Herring showed the Judge and prosecutor his methadone clinic card, and the Judge dismissed all charges against him.

42. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

43. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

44. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth

Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983

45. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

46. The officer Defendants wrongfully and illegally arrested, detained and imprisoned Plaintiff.

47. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

48. At all relevant time's Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

49. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

51. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

52. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

53. Plaintiff was conscious of his confinement.

54. Plaintiff did not consent to his confinement.

55. Plaintiff's arrest and false imprisonment was not otherwise privileged.

56. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983

58. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

59. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

60. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### Negligent Hiring/Training/Retention Under
### New York State Law

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

64. Upon information and belief, all of the individual Defendants were unfit and incompetent for their positions.

65. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual Defendants were potentially dangerous.

66. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these Defendants proximately caused each of Plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Municipal Liability Under
42 U.S.C. § 1983

68. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

69. The City of New York has a policy, practice and/or custom through which its NYPD employees are inadequately trained, supervised, disciplined and retained.

70. Specifically, the NYPD has a policy and practice to inadequately train employees, namely police officers, to identify and verify legal prescription medication.

71. Such inadequate training does not prepare employees to properly respond to the normal and repeated incidents they encounter in their work.

72. The City of New York is liable for its deliberate indifference to the consequences of this policy, practice and/or custom, and for failing to train, supervise, discipline and/or retain those employees who engage in unconstitutional activity and engage in misconduct, namely the false arrest of innocent individuals.

73. The City of New York is liable for the decisions of its final policymakers to create, promulgate and perpetuate this policy, practice and/or custom.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) A declaratory judgment that Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.C.S. § 1983;

b) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

c) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

d) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

e) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

f) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 26, 2015
Brooklyn New York

Respectfully submitted,

/s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Gonzalez
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com

9